UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY NORRIS,

       Petitioner,

                                 CASE NO. 2:13-CV-13825
v.                              JUDGE VICTORIA A. ROBERTS
                                 MAGISTRATE JUDGE PAUL KOMIVES

J. A. TERRIS,

       Respondent.
                            /

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural Background*

Petitioner Larry Norris is a federal prisoner currently confined at the Federal Correction Institution in Milan, Michigan. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a Bureau of Prisons (BOP) disciplinary finding which resulted, *inter alia*, in a loss of 27 days good conduct time. The facts leading to this action are undisputed.

On March 20, 2008, following his conviction for conspiracy to distribute in excess of 500 grams of methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, 851(a)(1), petitioner was sentenced by the United States District Court for the Southern District of Indiana to a term of 125 months' imprisonment, to be followed by a term of five years' supervised release. At the time relevant to this habeas action, petitioner was incarcerated at the Federal Medical Center in Lexington, Kentucky

1

(FMC-Lexington). On December 15, 2010, C. Grizzell, a case manager at FMC-Lexington, filed an incident report charging petitioner with extortion, blackmail, or protection. The incident report charges:

> On December 15, 2010, at 13:58, inmate Larry Norris . . . came into my office and stated he wanted me to write an affidavit for him concerning Unit Manager Ward and Counselor Childress, or else he was going to name me in a civil law suit. He stated he wanted me to write in my affidavit that Counselor Childress got in his face during an UDC hearing, which did not happen. He went on to state once my name was in a civil law suit case the FBI would keep a file on me and they would add any further civil rights violation claims into that file, whether the claims were true or not. He then went on to state after enough claims were made the FBI would then arrest me on civil rights violations. I am fearful that if this affidavit is not filed, inmate Norris will start to file unfounded civil rights claims against me, which will threaten my livelihood and the livelihood of my family.

Resp't's Answer, Ex. 3, Incident Report. Petitioner was advised of his rights, and denied the charges. Specifically, petitioner admitted to making the statements, but said that he did not threaten Grizzell with arrest. The Incident Report was referred to the Unit Disciplinary Committee (UDC). *See id*. The UDC held a hearing on December 17, 2010, at which petitioner indicated he had "mental issues" and requested an attorney. The UDC referred the matter to the Discipline Hearing Officer (DHO) with a recommendation of disciplinary segregation, loss of good conduct time, and disciplinary transfer. *See id*. Petitioner was provided with a notice of the DHO hearing, but did not request either a staff representative or the presence of any witnesses. *See id*., Ex. 4. The DHO, Timothy Smart, referred petitioner to psychology services for an evaluation on December 22, 2010, and on December 28, 2010, petitioner was found to be responsible for his actions and competent to proceed. *See id*., Ex. 6.

The DHO conducted a hearing on January 7, 2011. Petitioner was advised of his rights, submitted a statement, and asked to be represented by another inmate. The DHO rejected

petitioner's request, but suggested he choose a staff representative to assist him. He did so, but did not present any witnesses. Based on the statements of Grizzell and petitioner, the DHO found that petitioner committed the prohibited act of extortion. In making his findings, the DHO found Grizzell credible and petitioner not credible, and concluded that the acts alleged by Grizzell constituted extortion. *See id.*, Ex. 7, DHO Report. Petitioner's appeals to both the North Central Regional Office and the Central Office for Inmate Appeals were denied.

On September 9, 2013, petitioner filed this application for the writ of habeas corpus, challenging the disciplinary finding and the sanction imposed. Petitioner argues that there is no evidence to support the disciplinary finding, and that the acts alleged by Grizzell do not constitute extortion. Respondent filed an answer to the petition on October 16, 2013, and petitioner filed a reply on November 14, 2013. For the reasons that follow, the Court should deny petitioner's application for the writ of habeas corpus.

B.  *Legal Standard*

A petition for a writ of habeas corpus is the appropriate vehicle for a challenge to the revocation of good time credits. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987); *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the Due Process Clause provides certain minimum protections for inmates facing loss of good time credits as a disciplinary sanction. Specifically, "[w]here a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the

evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985) (discussing *Wolff*, 418 U.S. at 563-67).

In order to sustain a loss of good time credits, the decision of the prison officials need not comport with the requirement of proof beyond a reasonable doubt applicable in a criminal trial. Rather, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455. As the Court explained, this standard of proof is not demanding:

> Ascertaining whether this standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id*. at 455-56. Further, due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board," *id*. at 457, and a disciplinary finding can be upheld on even "meager" evidence, so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*.

C.  *Analysis*

Petitioner does not contend that he was denied any of the due process protection required by *Wolff*. Likewise, petitioner does not directly contend that there was insufficient evidence to support the disciplinary finding. Indeed, under the BOP officials' interpretation of Code 204 he cannot raise such a challenge. Petitioner admitted to threatening to name Grizzell in a frivolous civil rights lawsuit, with the possibility of Grizzell ultimately being investigated by the FBI, unless Grizzell swore out a false affidavit. Grizzell's testimony and petitioner's own statements clearly constitute "some evidence" supporting the disciplinary finding. Petitioner argues, nevertheless, that the conduct proven at the disciplinary hearing does not constitute "extortion" under Code 204. As the

4

Third Circuit has explained,

> when faced with any such questions regarding the proper application of prison misconduct regulations, there is a real danger that "legalistic wrangling over whether a rule was broken may visibly undermine the administration's position of total authority, necessary for security's sake." It is for this reason, among others, that courts have consistently concluded that interpretations by prison authorities must be upheld unless fair notice was clearly lacking.

*Hadden v. Howard*, 713 F.2d 1003, 1008 (3d Cir. 1983) (quoting *Meyers v. Alldredge,* 492 F.2d 296, 310 (3rd Cir.1974)) (citations omitted); *cf. Moorman v. Thalacker*, 83 F.3d 970, 974 (8th Cir. 1996). Thus, the BOP's construction of Code 204 is not amenable to attack on habeas corpus review.

In any event, the BOP's interpretation of Code 204 is reasonable. While it is true that a number of courts have held that even a bad faith threat to file a lawsuit does not constitute extortion, the BOP is not limited to criminal law definitions in setting its disciplinary regulations. The BOP has broad discretion to define disciplinary infractions, and nothing requires the BOP to adopt a definition of "extortion" that mirrors precisely how that term is used in the criminal law. *See Levi v. Holt*, 192 Fed. Appx. 158, 161 (3d Cir. 2006). "The BOP's interpretation of its own regulation is 'controlling . . . unless it is plainly erroneous or inconsistent with the regulation.'" *Id*. (quoting *Chong v. District Director, Immigration & Nat. Serv.*, 264 F.3d 378, 389 (3d Cir. 2001)). The BOP's interpretation is consistent with the generic meaning of the term extortion, namely, "the wrongful use of economic fear to obtain money [or something of value]." *United States v. Burke*, 781 F.2d 1234, 1244 (7th Cir. 1985); *see also*, *Scheidler v. National Org. of Women, Inc.*, 537 U.S. 393, 409 (2003) (defining generic offense of extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear or threats."). Because the BOP's interpretation is neither plainly erroneous nor inconsistent with the language of Code 204, it is controlling. And because there is "some evidence" that petitioner committed extortion under the

BOP's interpretation of Code 204, he is not entitled to habeas relief.

In his reply brief, petitioner also contends that he was denied due process because the hearing officer was biased against him. "'Because honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated.'" *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (quoting *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 518 (10th Cir. 1998)); *see also*, *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "[O]ther than in instances where the adjudicator has a pecuniary interest or evidence personal animus, the evidence necessary to sustain a bias claim is extraordinarily high." *Levi*, 192 Fed. Appx. at 162. Here, petitioner presents no evidence of bias. He argues only that the DHO was biased because he was a co-worker of the employee who wrote the incident report. This allegation is insufficient to demonstrate bias. It is well established that "the Court cannot presume bias simply from the fact that the hearing officer and reporting officer were employed by the same entity." *Trujillo v. Ledezma*, No. CIV. 11-1072-F, 2012 WL 1941578, at *4 (Apr. 9, 2012) (citing *White v. Indiana Parole Bd.*, 266 F.3d 759, 767-68 (7th Cir. 2001); *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996)), *magistrate judge's report adopted*, 2012 WL 1941577 (W.D. Okla. May 29, 2012); *see also*, *Allen*, 100 F.3d at 259 ("[T]he independent officer need not come from outside the prison."); *Weikert v. Winn*, No. 02-40024, 2003 WL 345353, at *1 (D. Mass. Feb. 14, 2003) ("The mere fact that the hearing officer was a Bureau of Prisons employee does not violate due process."). Because petitioner has presented "no evidence to show that [the DHO] was biased against him, nor has he pointed to any irregularities in the process to rebut the presumption that hearing officers act in good faith," *Dunne v. Olsen*, 67 Fed. Appx. 939, 944 (7th Cir. 2003), petitioner is not entitled to habeas relief on this claim.

D.   *Conclusion*

In view of the foregoing, the Court should conclude that petitioner was afforded due process of law in connection with his disciplinary hearing. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.[1]

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

---

[1] Ordinarily, a habeas petitioner may not appeal the denial of his habeas application without obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253. By its terms, however, that provision is limited to appeals from final orders issued in either "a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(A), (B). Because petitioner's application is a petition by a federal prisoner properly brought under § 2241, it is not subject to § 2253 and petitioner need not obtain a certificate of appealability in order to appeal this Court's decision. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, I do not include a recommendation regarding the certificate of appealability.

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: December 4, 2013            s/Paul J. Komives
                                  PAUL J. KOMIVES
                                  UNITED STATES MAGISTRATE JUDGE


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 4, 2013.

                                  s/ Kay Doaks
                                  Case Manager